UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARCUS I. WASHINGTON,                    :

              Plaintiff,                    :

  -against-                                                 :

WILLIAM MORRIS ENDEAVOR              :      10 Civ 9647 (PKC)
ENTERTAINMENT, LLC, formerly known as
the WILLIAM MORRIS AGENCY, INC.,       :
JEFF MEADE and SARAH WINIARSKI,
                                                                    :
             Defendants.
-----------------------------------------------------------X

# MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANTS TO CONFIRM A JUNE 25, 2014 ARBITRATION AWARD OF THE HON. TIMOTHY K. LEWIS

LOEB & LOEB LLP

Michael P. Zweig
Christian D. Carbone
Michael Barnett
345 Park Avenue
New York, NY 10154
(212) 407-4000

Attorneys for Defendants

Defendants William Morris Endeavor Entertainment, LLC, Jeff Meade and Sara Winiarski (collectively, "WME"), by their attorneys Loeb & Loeb LLP, respectfully submit this memorandum in support of their motion, made pursuant to 9 U.S.C. § 9, to confirm an arbitration award against Plaintiff Marcus Isaiah Washington ("Washington"). This motion is supported by the Declaration of Michael P. Zweig, dated July 3, 2014 ("7/3/14 Zweig Decl."), with Exhibits 1 through 5.

I. **PROCEDURAL BACKGROUND**

   *a. Jurisdiction*

Federal jurisdiction exists over this action pursuant to 28 U.S.C. § 1331, because Washington, in the underlying arbitration, asserted claims under several federal statutes, including 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Sherman Antitrust Act. See, e.g., Zweig Decl., Exhibit 1 (Washington's Demand for Arbitration). Thus, federal question jurisdiction exists because Washington's claims raised questions of federal law. See Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 26-27 (2d Cir. 2000), cert. denied, 531 U.S. 1075 (2001).

Venue is proper under Section 9 of the Federal Arbitration Act ("FAA") (9 U.S.C. § 9). See also AAA Employment Rule 42(c) ("Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction"). (The parties' arbitration agreement requires the application of the AAA's Employment Arbitration Rules. See 7/3/14 Zweig Decl. Exhibit 5.)

   *b. Prior proceedings*

On December 22, 2010, Washington filed suit in this Court against WME and two of its Human Resources employees. Dkt. No. 2. On July 20, 2011, this Court granted WME's motion

1

to compel arbitration and stay this action. Dkt. No. 18; also at 2011 U.S. Dist. LEXIS 81346 (S.D.N.Y. July 20, 2011), motion to dismiss appeal granted, Case No. 11-3576 at Dkt. No. 39 (2d Cir. Dec. 13, 2011). Washington appealed unsuccessfully to the Second Circuit. Id.

On or about June 15, 2012, Washington filed a Demand for Arbitration with the American Arbitration Association ("AAA"). 7/3/14 Zweig Decl., Exhibit 1.

### c. *Arbitrator dismisses Washington's claims and enters an award for WME*

On June 25, 2014, the arbitrator, the Hon. Timothy K. Lewis[1] – whom the parties jointly selected – issued a Memorandum, Order and Award (the "Award") dismissing Washington's claims with prejudice and on the merits, and ordered Washington to pay $43,707.60 to WME. Award at 7/3/14 Zweig Decl., ¶3 and Exhibit 2. The Award is the subject of this motion.

In the Award, Arbitrator Lewis found the following:

- Washington failed to prosecute his claims in good faith, despite being given many opportunities to do so, and in fact demanded that the arbitration be closed and the case dismissed, as he "'cannot and will not continue litigating this case any further under the jurisdiction and supervision of the American Arbitration Association.'" Award at 7 (quoting Washington's March 5, 2014 letter to the Hon. P. Kevin Castel, Dkt. No. 36).

- Washington's behavior "has single-handedly prevented this arbitration from moving forward." Award at 10.

---

[1] Arbitrator Lewis is a former District Court Judge (W.D. Pa.) and Judge on the Court of Appeals for the Third Circuit, with a total of eight years of experience as a judge. See Arbitrator Lewis's biography as posted on his law firm's web site, available at http://www.schnader.com/professionals/xprProfessionalDetailsSchnader.aspx?xpST=ProfessionalDetail&professional=142&op=fullbio (last visited July 3, 2014). He replaced David L. Gregory as arbitrator in February 2014. The AAA disqualified and removed Arbitrator Gregory pursuant to AAA Employment Rule 16 (governing removal for arbitrator misconduct). See 7/3/14 Zweig Decl., Exhibit 4.

2

- Washington repeatedly violated the Confidentiality Order entered by Arbitrator Lewis, including by writing about the case on his blog even after Arbitrator Lewis held him in contempt for that very same conduct. Award at 12-13.

- Washington has threatened to file legal action against WME, its attorneys, numerous federal judges, the arbitrator and his associate, the AAA and senior AAA staff, including the "*illegal* filing of fraudulent commercial liens, and with alarming ambiguous statements like 'they will pay.'" Award at 10 (emphasis in original).

- Dismissal on the merits was required because nothing less would deter Washington's behavior, as he had already been found in contempt, and assessed fees and costs, and yet his vexatious conduct and violations of the Confidentiality Order continued unabated. Award at 12.

The Award also noted the prejudicial effects Washington's conduct had on WME, namely that Washington's bad-faith conduct forced WME to spend "enormous sums of money" in a protracted arbitration in which it could not reach the merits of its counterclaim; while Washington had no intention of asserting his claims and took every opportunity to defame WME and its attorneys on his personal blog and elsewhere. Award at 13.

Accordingly, the Award dismissed Washington's claims with prejudice and on the merits. Further, in accordance with a prior April 18, 2014 Memorandum and Order finding Washington in contempt (7/3/14 Zweig Decl. Exhibit 3), Arbitrator Lewis awarded WME $43,707.60. Award at 15.

## II. THE ARBITRATOR'S ORDER SHOULD BE CONFIRMED

This motion is authorized by the parties' arbitration agreement (7/3/14 Zweig Decl. Exhibit 5), the Employment Arbitration Rules of the AAA (specifically, Rule 42(c) thereof),

3

Section 9 of the FAA (9 U.S.C. § 9), and this Court's Orders of July 20, 2011 and March 10, 2014, respectively. (The parties' arbitration agreement requires the application of the AAA's Employment Arbitration Rules. See 7/3/14 Zweig Decl. Exhibit 5.)

A court "must" grant an Order confirming a final arbitration award or order unless a party shows that the award or order should be vacated or modified for one or more of the few reasons listed in FAA Sections 10 and 11 for vacatur or modification. 9 U.S.C. § 9; D.H. Blair & Co., v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) (A court reviewing an arbitration order "can confirm and/or vacate the award, either in whole or in part") (citing Hoeft v. MVL Group, Inc., 343 F.3d 57, 63 (2d Cir. 2003)); Banco de Seguros del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 362, 369-370 (S.D.N.Y. 2002) (arbitration order that finally disposes of a claim is ripe for federal court review).

As this Court has observed, a court's review of arbitration awards is "severely limited," "in order to avoid undermining the twin goals or arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Manilow v. Snorkel Prods., No. 04-1866-PKC, 2004 U.S. Dist. LEXIS 7660, at *3 (S.D.N.Y. May 3, 2004) (citing Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993)). A confirmation proceeding is thus a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., 462 F.3d at 110 (internal quotations and citation omitted).

### III.  CONCLUSION

For the foregoing reasons, WME respectfully asks that this Court:

1. Enter an Order directing that judgment be entered confirming the Hon. Timothy K. Lewis's June 25, 2014 Memorandum, Order and Award dismissing Washington's arbitration claims with prejudice and on the merits;

2. Enter an Order directing that judgment be entered in favor of William Morris Endeavor Entertainment, LLC, and against Marcus Isaiah Washington, in the amount of $43,707.60, together with pre-judgment interest thereon (at the New York statutory rate of 9% per year, see N.Y. C.P.L.R. § 5004[2]) from June 25, 2014 to the date of judgment; and

3. Any other, further relief as the Court may deem just and proper.

Dated: New York, New York
July 3, 2014

                          LOEB & LOEB LLP

                          By: _____
                                Michael P. Zweig (MZ-5318)
                                Christian D. Carbone (CC-6502)
                                Michael Barnett (MB-7686)
                                345 Park Avenue
                                New York, NY 10154
                                (212) 407-4000

                                *Attorneys for Defendants*

---

[2] New York state law applies to WME's award per the parties' arbitration agreement. See 7/3/14 Zweig Decl., Exhibit 5.

5