*Washington v. William Morris Endeavor Entertainment, LLC et al.*, Case No. 10-9647-PKC (SDNY)

# July 3, 2014 Declaration of Michael P. Zweig

# Exhibit 4

## AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| MARCUS I. WASHINGTON, | : | |
| Claimant, | : | |
| v. | : | |
| | : | Case No. 13 160 01426 12 |
| WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, f/k/a WILLIAM MORRIS AGENCY, INC., | : | |
| Respondent. | : | |

---

### MEMORANDUM

---

William Morris Endeavor Entertainment, LLC (William Morris) moves to vacate the Partial Final Award of December 17, 2013. I have completed an exhaustive review of the entire record, including exhibits, documents, and other filings and correspondences amassed in this matter before my appointment in February 2014. For the following reasons, I will grant William Morris' motion and vacate the Partial Final Award.

Marcus Washington, a former agent trainee at William Morris, initiated this arbitration in July 2012, alleging discrimination on the basis of race. William Morris answered and asserted a counterclaim for breach of the arbitration agreement. Mr. Washington answered William Morris' counterclaim and replied to its answer. The AAA appointed David Gregory as arbitrator, and both parties moved for summary judgment. Briefing on the motions closed in March 2013.

An extraordinarily chaotic period of activity followed, culminating in December 2013 with the Partial Final Award.  Arbitrator Gregory concluded in the Partial Final Award that William Morris had "discriminated against [Mr. Washington] in violation of pertinent federal, state, and local law prohibiting discrimination in employment on the basis of race."  Partial Final Award at 1.  Nowhere in the Partial Final Award does Arbitrator Gregory specifically identify what federal, state, and local law he was referring to.

A little over one month later, on William Morris' motion, the AAA's Administrative Review Council disqualified Arbitrator Gregory pursuant to AAA Employment Arbitration Rule 16.[1]  AAA's order does not specify the precise basis for Arbitrator Gregory's disqualification.  I note that William Morris has listed a litany of purported abuses and reasons why Arbitrator Gregory should have been disqualified and reasserts them in support of its motion.  I have not considered any of these in deciding this motion beyond the matter of the pending motions for summary judgment, and will not recognize or entertain any further discussion of the bases or the reasons for Arbitrator Gregory's removal.  That issue is not before me, and I will not speculate as to why it occurred.

In February 2014, the parties selected me as substitute arbitrator.  In a conference call, both parties expressed dissatisfaction with the Partial Final Award, albeit for very different reasons.  On the one hand, Mr. Washington repeatedly insisted that I lack authority to conduct this arbitration and that he planned to file a motion in federal court to have the entire arbitration, which would include the Partial Final Award, "thrown out."  On the other, William Morris

---

[1]    AAA Employment Arbitration Rule 16 provides in relevant part that an arbitrator "shall be subject to disqualification for (i) partiality or lack of independence; (ii) inability to perform his or her duties with diligence and in good faith; and (iii) any grounds for disqualification provided by applicable law."

contended, as it does in its motion to vacate, that the Partial Final Award is riddled with procedural and substantive errors and should be vacated in light of Arbitrator Gregory's disqualification.[2]

I therefore ordered the parties to submit cross-motions to vacate the Partial Final Award and to respond to the same. William Morris timely submitted a motion to vacate. Mr. Washington neither submitted his own motion nor responded to that of William Morris.[3] Accordingly, I may and will consider the merits of William Morris' motion without Mr. Washington's participation. *See* AAA Employment Arbitration Rule 29.

AAA Employment Arbitration Rule 18(c) provides that "[i]n the event of the appointment of a substitute arbitrator, the [arbitrator] shall determine in [his or her] sole discretion whether it is necessary to repeat all or part of any prior hearings." As William Morris correctly points out, Rule 18(c) is consistent with the practice in federal and New York courts when a judge is disqualified. *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 133 (2d Cir. 2003) (vacating "all decisions and orders made" by disqualified judge and remanding for a new trial); *In re Thoms' Trust*, 261 N.Y.S.2d 304, 305 (N.Y. App. Div. 4th Dep't 1965) (holding that disqualification rendered "any decisions and orders . . . null and void"

---

[2]   I discussed this conference call in detail in my Order of February 27, 2014. Mr. Washington ultimately filed his motion, and Judge P. Kevin Castel of the U.S. District Court for the Southern District of New York denied it. *Washington v. William Morris Endeavor Entm't et al., LLC*, No. 10-9647 (S.D.N.Y. Mar. 10, 2014) (order denying all of Mr. Washington's requested relief and holding that "the stay of this action pending completion of the arbitration remains in full force and effect" and that "[u]ntil such time as a Final Award is rendered, this matter remains in the hands of the AAA").

[3]   In lieu of a motion and response, Mr. Washington submitted letters that he sent to Judge Castel. Among other things, Mr. Washington flatly indicated in both letters that he "cannot and will not continue litigating this case any further under the jurisdiction and supervision of the American Arbitration Association." Letter from Marcus Washington to the Hon. P. Kevin Castel at 2 (Mar. 13, 2014); Letter from Marcus Washington to the Hon. P. Kevin Castel at 2 (Mar. 28, 2014).

and ordering "a full and new hearing as to all matters that were decided by the disqualified Justice").

William Morris contends that the Partial Final Award reflects major procedural and substantive errors, both in its reasoning and in this arbitration as a whole prior to my appointment, and that I should exercise my discretion to vacate it. As I indicated above, I have only considered these arguments in the limited context of their impact on the parties' cross motions for summary judgment.

I conclude that the Partial Final Award leaves those motions unresolved, unaddressed, and still pending. Nowhere in the Partial Final Award are the motions granted or denied, and it is far from clear they are what Arbitrator Gregory was deciding. Indeed, the Partial Final Award does not address significant claims and arguments raised in the motions. Given that they were the only bases before Arbitrator Gregory on which he could have found liability, the Partial Final Award stands alone and must be vacated.

To the extent the Partial Final Award could somehow be read as resolving the pending summary judgment motions simply because it finds liability by William Morris, it cannot be sustained. Despite referencing a "conventional summary judgment standard," the Partial Final Award applies something unrecognizable, crediting bare arguments over sworn affidavits and resolving disputes of fact that Arbitrator Gregory himself had previously identified, all seemingly on the basis that the "dynamic significantly shifts . . . when there is a cross motion for summary judgment." Partial Final Award at 3. But that is not the case. When a party files a cross motion for summary judgment nothing shifts except the arbitrator's responsibility to decide both motions instead of one.

4

For these reasons, William Morris' motion is granted and the Partial Final Award is hereby vacated.  I will convene a conference to discuss the status of the pending summary judgment motions (which were submitted over a year ago) and the need to supplement them, if necessary, or take further discovery.  An appropriate order follows.


Dated: April 18, 2014                                        SO ORDERED:


                                                             _____
                                                             Hon. Timothy K. Lewis

5

# AMERICAN ARBITRATION ASSOCIATION

|  |  |
|---|---|
| MARCUS I. WASHINGTON, | : |
| | : |
| Claimant, | : |
| | : |
| v. | : |
| | :    Case No. 13 160 01426 12 |
| WILLIAM MORRIS ENDEAVOR | : |
| ENTERTAINMENT, LLC, f/k/a WILLIAM | : |
| MORRIS AGENCY, INC., | : |
| | : |
| Respondent. | : |
| | : |

---

## ORDER

---

       For the reasons set in the memorandum accompanying this Order, William Morris' Motion to Vacate the Partial Final Award is granted.  The Partial Final Award of December 17, 2013 is vacated.[1]

Dated: April 18, 2014                                    SO ORDERED:

 

 

_____

Hon. Timothy K. Lewis

---

[1]    Jeffrey Meade and Sarah Winiarski are reinstated as parties to this action.