

**CHRISTIAN D. CARBONE**
Partner

345 Park Avenue
New York, NY  10154

**Direct**  212.407.4852
**Main**    212.407.4000
**Fax**     212.937.3683
ccarbone@loeb.com

Via ECF

April 5, 2016

Hon. P. Kevin Castel
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Washington v. William Morris Endeavor Entertainment, LLC et al.*,
      Case No. 10-cv-9647 (PKC) (JCF) (S.D.N.Y.)

Dear Judge Castel:

We represent the Defendants (collectively, "WME") in the above-captioned action.

On April 2, 2016, we received a copy of Plaintiff Marcus Washington's letter to this Court, in which Mr. Washington requests, for a second time, to vacate the filing injunction imposed by this Court in its September 5, 2014 Order.  We write in response to that letter.

The Court's September 5, 2014 order permanently enjoined Mr. Washington from "filing or otherwise commencing any action in any federal district court arising out of or related to" the above-referenced action or the arbitration proceeding related thereto against "any person or entity," including WME, its counsel, and members of the federal judiciary, "without first obtaining a written order from this court authorizing him to do so."  (Dkt. No. 59, at p. 24 (emphasis omitted).)

We respectfully submit that the Court should deny Mr. Washington's request for the reasons stated in our letter to the Court dated July 7, 2015 (Dkt. No. 70), which we submitted in response to Mr. Washington's first request to vacate. Mr. Washington points to no new facts or decisional law that somehow counsel in favor of vacating the September 5, 2014 injunction.  In fact, since Mr. Washington's previous request to vacate, the U.S. Supreme Court has denied Mr. Washington's petition for a writ of certiorari, declining to hear his appeal relating to the imposition of the filing injunction (among other things), as well as his petition for rehearing of the denial of his certiorari petition.  Every court to have examined this issue has effectively agreed that the filing injunction is appropriate.

Indeed, Mr. Washington's own letter demonstrates precisely why the filing injunction should be maintained.  It is clear that Mr. Washington remains intent on filing vexatious legal actions arising out of his employment by and/or termination from WME, and involving issues that have already been decided by this Court and subject to multiple levels of appellate review.  Mr. Washington has expressly acknowledged that he "will eventually take legal action" against



The Honorable P. Kevin Castel
April 5, 2016
Page 2

WME's counsel and others, "[w]hether or not [his] request is granted." His ongoing harassment of WME and its counsel—and his threats of retribution against this honorable Court[1]—continue to demonstrate the wisdom and necessity of the filing injunction.

For these reasons, WME respectfully requests that the Court deny Mr. Washington's application.

Respectfully yours,

Christian D. Carbone
Partner

cc:   Marcus Washington (via email)

---

[1] *See* Letter from Marcus Washington to Hon. P. Kevin Castel (Apr. 2, 2016) ("Thanks to you and other corrupt federal judges, William Morris and other predominantly all-white institutions have been given permission to continue maintaining their racially discriminatory employment practices . . . You are an embarrassment to hue-manity [*sic*]. . . . I will do everything humanly possible to ensure that you are publicly exposed for the racist corrupt and dishonorable federal judge that you are and impeached from the bench for your 'high crimes and misdemeanors'.").

NY1401195.2
058426-10022